**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              *Plaintiff*,<br><br>       v.<br><br>BBA AVIATION PLC,<br><br>LANDMARK U.S. CORP LLC,<br><br>and<br><br>LM U.S. MEMBER LLC,<br><br>                             *Defendants*. | Case#: 1:16-cv-00174<br><br>Judge: Amy Berman Jackson<br><br>Date Stamp: |

**MOTION AND MEMORANDUM OF THE
<u>UNITED STATES IN SUPPORT OF ENTRY OF FINAL JUDGMENT</u>**

Pursuant to Sections 2(b)-(h) of the Antitrust Procedures and Penalties Act, 15 U.S.C. §16(b)-(h)("APPA" or "Tunney Act"), Plaintiff, the United States of America ("United States"), moves for entry of the proposed Final Judgment ("PFJ") (attached hereto as Exhibit A), filed in this civil antitrust proceeding. The PFJ may be entered at this time without further hearing if the Court determines that entry is in the public interest. The Competitive Impact Statement ("CIS") filed in this matter on February 3, 2016, discusses the provisions of the PFJ and explains why its entry would be in the public interest. ECF No. 3. The United States is also filing a Certificate of Compliance With Provisions of the Antitrust Procedures and Penalties Act ("Certificate of Compliance"), attached hereto as Exhibit B, which demonstrates that the requirements of the APPA have been met.

## I. BACKGROUND

On February 3, 2016, the United States filed a civil antitrust Complaint alleging that the proposed acquisition by Defendant BBA Aviation plc ("Signature") of Defendants Landmark U.S. Corp LLC and LM U.S. Member LLC ("Landmark"), announced on September 23, 2015, would be likely to substantially lessen competition in the provision of full-service fixed-based operator ("FBO") services at six airports in the United States, in violation of Section 7 of the Clayton Act, 15 U.S.C. §18.  The Complaint further alleged that, as a result of the acquisition as originally proposed, prices for these services in the United States would likely have increased and customers would have received services of lower quality.

At the same time the Complaint was filed, the United States also filed a Hold Separate Stipulation and Order ("Hold Separate Order"); a PFJ; and a CIS, that describes how the PFJ is designed to remedy the likely anticompetitive effects of the proposed acquisition.  The Hold Separate Order, which was entered by the Court on February 3, 2016, provides that the PFJ may be entered by the Court after the satisfaction of the applicable requirements of the APPA.  ECF No. 5.  As demonstrated by the Certificate of Compliance, the parties have complied with those requirements.  Entry of the PFJ would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II. COMPLAINCE WITH THE APPA

The APPA requires a sixty-day period for the submission of public comments on a proposed Final Judgment.  *See* 15 U.S.C. §16(b).  In compliance with this provision of the APPA, the United States filed the CIS on February 3, 2016, and published the PFJ and CIS in the

2

*Federal Register* on February 10, 2016.[1]  In addition, the United States ensured that a summary of the terms of the PFJ, together with directions for the submission of written comments relating to the PFJ, were published in *The Washington Post* on seven different days during the period of February 6, 2016 to February 12, 2016.  *See* 15 U.S.C. §16(c). The sixty-day public comment period ended on April 12, 2016.  Following expiration of that period, the United States received one comment, dated April 20, 2016.  The United States filed its response with the Court on May 27, 2016 and published the comment and response in the *Federal Register* on June 6, 2016.[2]  Since, as set forth in the Certificate of Compliance, all the requirements of the APPA have been satisfied, it is now appropriate for the Court to make the public interest determination required by 15 U.S.C. §16(e).

### III.     ENTRY OF THE PROPOSED FINAL JUDGMENT IS IN THE PUBLIC INTEREST

In its CIS and Response to Public Comments, the United States set forth the legal standards for determining the public interest under the APPA and now incorporates those statements by reference.  ECF No 3; 11.  As indicated above, the United States alleged in its Complaint that the proposed acquisition of Landmark by Signature would be likely to substantially lessen competition in full-service FBOs at six airports in the United States.  As explained in the CIS, the PFJ is designed to eliminate the likely anticompetitive effects of this acquisition.  It requires Signature, among other things, to divest FBO related assets at the six airports to a buyer approved by the United States who will be an effective, long-term FBO competitor.

---

[1] *See* 81 Fed. Reg. 7144 (Feb. 10, 2016), *available at* https://www.gpo.gov/fdsys/pkg/FR-2016-02-10/pdf/2016-02720.pdf.
[2] *See* 81 Fed. Reg. 36346 (Jun. 6, 2016), *available at* https://www.gpo.gov/fdsys/pkg/FR-2016-06-06/pdf/2016-13185.pdf.

As explained in the CIS and Response to Public Comment, the public, including affected competitors and customers, has had the opportunity to comment on the PFJ as required by the APPA.  Moreover, there has been no allegation that the proposed settlement constitutes an abuse of the United States' discretion or that it is not within the zone of settlements consistent with the public interest.

## IV.  CONCLUSION

For the reasons set forth in this Motion and Memorandum and in the CIS, the Court should find that the PFJ is in the public interest and should enter the Final Judgment without further hearings.  Accordingly, the United States respectfully requests that the Final Judgment, attached as Exhibit A, be entered as soon as possible.

Plaintiff is authorized by counsel for Defendants to state that Defendants join in this request.

Dated:  June 8, 2016                                          Respectfully submitted,

*/s Patricia L. Sindel*_____
Patricia L. Sindel (D.C. Bar #997505)
Trial Attorney, Networks & Technology Enforcement Section
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 598-8300
Facsimile: (202) 616-8544
Email: patricia.sindel@usdoj.gov